**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**AUG 28 2002**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

SALVADOR RIVERA,

  Plaintiff - Appellant,

v.

HARVEY L. PITT, Chairman of the
Securities and Exchange Commission,

  Defendant - Appellee.

No. 01-1114
(D.C. No. 95-N-317)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

Plaintiff Salvador Rivera appeals the district court's entry of summary

judgment in favor of defendant Harvey L. Pitt, Chairman of the Securities and

Exchange Commission ("SEC").  Our jurisdiction arises under 28 U.S.C. § 1291,

and having heard oral argument in this case, we affirm.  Rivera, a former staff

attorney for the SEC Central Regional Office located in Denver, Colorado, alleges

that the SEC violated Title VII of the Civil Rights Act of 1964 when it terminated

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The Court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

him because of his race, national origin, and color, and in retaliation for filing Equal Employment Opportunity ("EEO") complaints. He also contends that the SEC failed to adhere to the statutory criteria, 5 U.S.C. § 4302, for removing federal employees when it terminated him.

## I

In analyzing Rivera's Title VII discrimination claim, the district court required him to show that non-Hispanic employees were treated differently or were disciplined less severely than Rivera for violating work rules. The district court decided this case before Kendrick v. Penske Transportation Services, Inc., which clarified that a plaintiff need not show that similarly situated non-minority employees were treated less severely or differently than plaintiff to establish a prima facie case. 220 F.3d 1220, 1228–29 (10th Cir. 2000).

Applying Kendrick and viewing the evidence in the light most favorable to Rivera, see Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999), we conclude that the district court erred and that Rivera established a prima facie case. The SEC, however, offered a nondiscriminatory reason for Rivera's termination—poor job performance. The burden thus shifts back to Rivera to demonstrate that the SEC's legitimate nondiscriminatory reason is pretextual. There are three typical ways for a plaintiff to show pretext:

(1) with evidence that the defendant's stated reason for the adverse employment action was false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff. A plaintiff who wishes to show that the company acted contrary to an unwritten policy or to company practice often does so by providing evidence that he was treated differently from other similarly-situated employees who violated work rules of comparable seriousness.

Kendrick, 220 F.3d at 1230 (citations omitted). Rivera has not presented evidence that the SEC's conclusion that he performed unsatisfactorily was false; his only pretext argument is that the SEC violated policy because similarly situated non-minority employees were disciplined less severely or treated differently than Rivera. He specifically alleges that (1) he was illegally placed on probation in 1989; (2) his supervisors reported their suspicions that he violated the Hatch Act to investigatory authorities;[1] (3) he received a poor performance evaluation in 1994; (4) he was placed on a performance improvement plan in 1995; (5) his supervisor had him under surveillance; and (6) he was terminated. On appeal Rivera argues for the first time that his 1994 performance evaluation and his supervisor's surveillance of him are evidence of disparate treatment. Because these arguments were not presented to the district court we will not

---

[1] Rivera was ultimately found to have violated the Hatch Act by the SEC's Inspector General's Office and was punished with a sixty-day suspension. (3 Appellant's App. at 826.)

consider them for the first time on appeal.  See Bennett v. Quark, Inc., 258 F.3d 1220, 1227–28 (10th Cir. 2001).[2]

The only evidence supporting the remaining allegations is Rivera's affidavit stating that other SEC staff attorneys had violated SEC rules and had not been seriously disciplined or terminated.  To survive summary judgment Rivera's affidavit "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient."  Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotation omitted).  The district court reviewed Rivera's affidavit and concluded that it did not present any admissible evidence because the statements in the affidavit were "conclusory, self-serving, and so wholly lacking in foundation that they are inadmissible under the Federal Rules of Evidence."  (3 Appellant's App. at 841.)  Furthermore, the district court found that Rivera's claims of disparate treatment premised on his being placed on probation in 1989 and on his being reported for Hatch Act violations were barred by res judicata because they were identical to the disparate-treatment claims he raised or could have raised in his

---

[2] The SEC filed a motion to strike those portions of Volume IV of Rivera's corrected appendix that had not been submitted to the district court, essentially comprising all pages in Volume IV except 854–932, 940–48, 1040–50, 1169–89. Federal Rule of Appellate Procedure 10(e) precludes supplementing the record with documents that were not before the district court, except to the extent it is necessary to "truly disclose[] what occurred in the district court." Rivera's documents do not meet this standard. The SEC's motion is therefore granted.

1995 lawsuit against the SEC—claims for which the district court entered an order granting the SEC summary judgment. (3 id. at 838.)

Upon reviewing the record, we conclude that Rivera's affidavit does not provide admissible evidence and that he has not presented additional evidence to support his allegations that non-Hispanic staff attorneys were treated differently than himself. Consequently there is no genuine issue as to any material fact concerning Rivera's claim that the SEC's legitimate nondiscriminatory reason for his termination was pretextual; therefore, the SEC is entitled to summary judgment on this claim.

## II

Rivera also contends the SEC retaliated against him for filing EEO complaints. We agree with the district court that Rivera established a prima facie retaliation claim based on filing an EEO complaint on February 22, 1996, and being terminated two months later. The district court correctly found that the SEC provided a legitimate nondiscriminatory reason for terminating Rivera—poor job performance—and that Rivera failed to present sufficient evidence from which a reasonable juror could conclude that the SEC's legitimate nondiscriminatory reason for terminating Rivera was a pretext for discrimination. With respect to Rivera's other retaliatory discharge claims, we conclude the district court correctly granted the SEC's motion for summary judgment for

substantially the reasons expressed by the district court in its January 3, 2000 order and memorandum of decision.

### III

Rivera argues that the district court erred in granting defendant's motion for summary judgment on his claim that the SEC terminated him without adhering to the statutory requirements for removing a federal employee, 5 U.S.C. § 4302. Having heard oral argument and upon careful consideration of the record, the briefs, the district court's order, and applicable law, we conclude that the district court correctly granted the SEC's motion for summary judgment for substantially the reasons stated in the district court's January 3, 2000 order and memorandum of decision.

### IV

We **AFFIRM**.

ENTERED FOR THE COURT

PER CURIAM